Benjamin M. Darrow
DARROW LAW, PLLC
415 N. Higgins, Ste. 2
PO BOX 7238
Missoula, MT 59807
Telephone: (406) 647-0417
Fax: (406) 369-6214
ben@darrowlawmt.com
          *Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA,
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No.: CR-22-86-GF-BMM |
| Plaintiff, | |
| -vs- | |
| | **BRIEF IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND EXTEND DEADLINES** |
| REMBRANDT CARLOS KEMP, | |
| Defendant. | |

The Defendant, Rembrant Carlos Kemp, respectfully submits this Brief in Support of his motion for a trial continuance and deadlines extension. The Defense requests a continuance of at least 60 days as it is in the interests of justice for the reasons provided below. Assistant United States Attorney Ethan Plaut was contacted regarding this motion and DO NOT object.

## INTRODUCTION

Defendant Kemp is charged with **COUNT 1**: conspiracy to distribute and to possess with intent to distribute controlled substances; Title 21 U.S.C. § 846. **COUNT 2**: possession with intent to distribute controlled substances; Title 21 U.S.C. § 841(a)(l) Title 18 U.S.C. § 2; and Criminal Forfeiture; Title 21 U.S.C §§ 853 and 851. This case is set for trial on April 4, 2023. (Doc. 16.)

Defendant faces significant mandatory prison time if convicted of these offenses in their entirety. Counsel was assigned to this case and requires more time to review discovery, interview witnesses, conduct plea negotiations, and evaluate defenses. Specifically, there is audio and video evidence in the possession of the United States that counsel must review in the U.S. Attorney's office.  For these reasons, counsel needs more time, and requests a continuance in the interests of justice.

## LEGAL ANALYSIS

The Speedy Trial Act generally requires that a case must be brought to trial within 70 days of a defendant's initial appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). The Act does provide a long list of periods of delay that are to be excluded in computing the time within which a trial must commence. See generally, 18 U.S.C. § 3161(h).

BRIEF IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE JURY TRIAL

The Speedy Trial Act also allows for delay when necessitated by the "ends of justice." Under § 3161(h)(7)(A), a trial court may exclude any period resulting from a continuance beyond the limits of the Speedy Trial Act on a finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A continuance can be granted on this ground on the judge's own motion or at the request of the defendant or his counsel or the attorney for the government. In granting a continuance under this subsection, the court should consider the factors set forth in § 3161(h)(7)(B).

Among the factors that the court is to consider are: whether failure to grant the continuance would be likely to make continuation of the proceedings impossible or cause a miscarriage of justice; and, whether failure to grant the continuance in a case, which taken as a whole, is not so unusual or complex, would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The trial court must set forth orally or in writing "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, failure to grant this continuance would likely cause a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). Before defendant can

make an informed decision about whether to proceed to trial or change his plea, counsel must have all reviewed discovery, and had a chance to review it and discuss it with defendant. Some discovery is still outstanding from the government, and counsel requires more time to make arrangements so that defendant can review and analyze the discovery in his case, discuss plea options, and research and file any appropriate pretrial motions based on this discovery review. Failure to grant a continuance would result in a miscarriage of justice and the denial of a fair trial or a denial of potential defenses such as suppression motions.

## CONCLUSION

Defendant and counsel require additional time to review evidence, including discovery, consider motions and plea offers, and prepare for trial. Defendant respectfully requests that the Court vacate the scheduled trial date, vacate all related pretrial deadlines, enter a finding that the ends of justice served by taking the action outweigh the best interest of the public and the defendant in a speedy trial, re-set the trial date for at least 60 days from its current setting of April 4, 2023, and accordingly adjust all related pretrial deadlines, including the motions deadline and the deadline for notice of intent to proceed to trial. A proposed order is attached for the Court's

BRIEF IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE JURY TRIAL

convenience. Assistant United States Attorney Ethan Plaut was contacted regarding this motion and did not object.

DATED this <u>6th </u>day of <u>March, 2023.</u>

DARROW LAW, PLLC

By<u>  /s/*Benjamin M. Darrow*            </u>
  Benjamin M. Darrow
  *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, a copy of the foregoing document was served on the following persons by the following means:

1, 2,_____ CM-ECF
_____3___ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1.  Clerk, UNITED STATES DISTRICT COURT

2.  Ethan Plaut
    *Assistant United States Attorney*

3.  Rembrandt Carlos Kemp
    *Defendant*

By_/s/Benjamin M. Darrow_____
    Benjamin M. Darrow
    Attorney for Defendant